## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Dustin Morrison ("Plaintiff") and Veterans Medical Transport, LLC ("VMT") and Georgia Medical Response, LLC ("GMR"), including any direct and indirect affiliates, subsidiaries (wholly-owned or not), as well as their past, present or future officers, owners, directors, administrators, managers, employees, shareholders, members, agents, attorneys, predecessors, successors and representatives, and Mahamud Farah ("Farah") and Abdilatif Kassim ("Kassim") (VMT, GMR, Farah, and Kassim are collectively referred to herein as "Defendants")(Plaintiff and Defendants are collectively referred to herein as the "parties").

## RECITALS

WHEREAS, Plaintiff and Defendants are currently involved in a civil dispute based upon and arising out of Plaintiff's former employment with Defendants, in Case No. 1:16-cv-01229-WSD in the United States District Court for the Northern District of Georgia, Atlanta Division (the "Civil Action");

WHEREAS, Defendants deny all claims asserted against them in the Civil Action;

WHEREAS, Plaintiff and Defendants desire to resolve all known and unknown matters between the parties and all matters arising out of Plaintiff's claims in the Civil Action;

WHEREAS, Plaintiff and Defendants have agreed to settle comprised claims, and Plaintiff's attorneys' fees were agreed upon separately and without regard to the amount to be paid to the Plaintiff; and

NOW THEREFORE, in full consideration of the mutual promises, covenants, and undertakings hereinafter set forth, the receipt and sufficiency of which are hereby acknowledged, Plaintiff and Defendants agree to settle and resolve their dispute as follows.

## AGREEMENT

1. **Court Approval.** Within ten (10) business days after receiving this Agreement signed by Plaintiff, Defendants shall return to Plaintiff a fully executed copy of the Agreement, and the parties will promptly thereafter execute and file with the Court a Joint Motion for Approval of Settlement ("Joint Motion") with a proposed Order granting the same. The parties agree that they will mutually make every reasonable effort to obtain the Court's approval of this Agreement and the Joint Motion. In the event the Court approves this Agreement, Plaintiff, if necessary, will file a Stipulation of Dismissal with Prejudice within five (5) business days of the Court's approval of this Agreement.

2. **Consideration.** In exchange for the promises set forth in this Agreement, Defendants shall pay Plaintiff and his attorneys the total gross amount of FIFTY THOUSAND AND

NO/100 DOLLARS ($50,000.00) (the "Settlement Payment").  The Settlement Payment shall be paid in one installment via checks made payable as follows:

A. FOURTEEN THOUSAND AND NO/100 DOLLARS ($14,000.00) to Plaintiff, less all legally required withholding taxes and payroll deductions, allocated as payment for alleged unpaid overtime.

B. FOURTEEN THOUSAND AND NO/100 DOLLARS ($14,000.00) to Plaintiff, allocated as Plaintiff's non-wage damages and payment for Plaintiff's release of the Fair Labor Standards Act ("FLSA") claims against Defendants as set forth in this Agreement and no withholdings or deductions will be made.

C. ONE THOUSAND SIX HUNDRED AND NO/100 DOLLARS ($1,600.00) to Plaintiff, allocated as additional consideration and payment for Plaintiff's general release of any and all other known and unknown potential claims as set forth in this Agreement and no withholdings or deductions will be made.

D. TWENTY THOUSAND FOUR HUNDRED AND NO/100 DOLLARS ($20,400.00) to Radford & Keebaugh, LLC for the payment of Plaintiff's attorney's fees, costs, and expenses.  Defendants will issue to Radford & Keebaugh, LLC a Form 1099 for this payment.

E. Defendants shall deliver the payments so that they are received by Plaintiff's counsel within ten (10) business days of Court's approval of this Agreement.

3. **Tax Liability.**  Defendants make no representations as to the tax consequences or liability arising from the Settlement Payment.  Plaintiff acknowledges that he is relying on no representations or warranties by Defendants that the payments made pursuant to this Agreement or any portion thereof are properly excludable from taxable income.  Plaintiff acknowledges that he has been advised to seek advice from professional advisors of his choosing regarding tax treatment of the Settlement Payment.  Plaintiff acknowledges and agrees that Plaintiff shall be solely responsible for any and all tax liability, penalty, or interest that may be owed by Plaintiff in connection with the Settlement Payment except for the amount withheld by Defendants pursuant to Plaintiff's most recent form W-4.

4. **Plaintiff's Release and Waiver of Claims.**  Subject to timely receipt of the Settlement Payment, Plaintiff agrees for himself and all his heirs, executors, administrators, successors and assigns to forever release and discharge Defendants and any officer, owner, director, employee, attorney, current and former agents, shareholders, members, predecessors, successors and assigns, heirs, executors, administrators and direct and indirect affiliates, subsidiaries (wholly owned or not) from any and all claims, liens, compensation, consequential damage, punitive damage and all other debts, promises, agreements, demands, causes of action, costs, losses and expenses of every nature whatsoever, including without limitation, attorneys' fees and expenses of litigation, whether direct or

consequential, known or unknown, suspected or unsuspected, foreseen or unforeseen, fixed or contingent, filed or unfiled, arising prior to and including the Effective Date of this Agreement, arising out of, related to or pertaining to the issues raised in Plaintiff's Complaint and arising out of, related to or pertaining to Plaintiff's employment relationship with Defendants.  Plaintiff acknowledges that this Agreement is intended to encompass and include, but is not limited to, all claims or causes of action and also includes any and all joint tortfeasors, whether specifically named in this Agreement or not.  Plaintiff further represents to any entity or person hereby released that her acceptance of said Settlement Payment referred to herein constitutes a full accord and satisfaction and acceptance of full compensation for all of Plaintiff's claims and damages asserted, or which could be asserted, arising out of, pertaining to or related to the aforesaid occurrences and is meant to put at final and complete rest any presently existing or potential litigation between the parties. This release is a complete release of any and all claims that Plaintiff may have against Defendants and includes, but is not limited to, all claims arising under the Fair Labor Standards Act ("FLSA") and under any other federal, state, or local statute, ordinance, regulation, policy (statutory or common-law), or legal or equitable theory or cause of action, whether asserted in the Civil Action between the parties or not.

5. **Defendants' Release and Waiver of Claims.**  Upon the Court's entry of an Order approving this Agreement, Defendants agree for themselves and all their heirs executors, administrators, successors and assigns to forever release and discharge Plaintiff and his agents, attorneys, successors and assigns, heirs, executors, and administrators, from any and all claims, liens, compensation, consequential damage, punitive damage and all other debts, promises, agreements, demands, causes of action, costs, losses and expenses of every nature whatsoever, including without limitation, attorneys' fees and expenses of litigation, whether direct or consequential, known or unknown, suspected or unsuspected, foreseen or unforeseen, fixed or contingent, filed or unfiled, arising prior to and including the Effective Date of this Agreement, pertaining to the issues raised in Plaintiff's Complaint and pertaining to Plaintiff's employment relationship with Defendants.  This release is a complete release of any and all claims that Defendants may have against Plaintiff and includes, but is not limited to, all claims arising under the Fair Labor Standards Act ("FLSA") and under any other federal, state, or local statute, ordinance, regulation, policy (statutory or common-law), or legal or equitable theory or cause of action, whether asserted in the Civil Action between the parties or not.

6. **Release Exclusions.**  This Agreement and the mutual releases contained herein shall not apply to rights or claims that may arise after the Effective Date of this Agreement; nor shall any provision of this Agreement be interpreted to waive, release, or extinguish any rights that, by express and unequivocal terms of law, may not under any circumstances be waived, released or extinguished.  This Agreement does not prevent Plaintiff from cooperating with a government agency in any investigation or proceeding, although should he do so, he agrees that he will not receive, and will forego, any recovery that may otherwise be recoverable by or payable to him.  This Agreement does not act as a waiver of the parties' rights to enforce this Agreement.

7. **Affirmations.**  Plaintiff represents and affirms as a material term of this Agreement that he has been paid and/or received all leave (paid or unpaid), bonuses, commissions, and/or benefits to which Plaintiff may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due, except as provided for in this Agreement.  Plaintiff represents and affirms that all issues raised in Plaintiff's Complaint regarding compensation and wages are being resolved and compromised as provided for in this Agreement.

8. **Adequate Consideration.**  The parties acknowledge that the consideration provided by each to each other is adequate and that this Agreement is a legally binding document with which all parties will faithfully comply.

9. **Binding Nature.**  This Agreement, and all the terms and provisions contained herein shall bind the heirs, personal representatives, successors and assigns of each party, and inure to the benefit of each party, their heirs, agents, directors, shareholders, officers, employees, servants, successors and assigns.

10. **Construction.**  This Agreement shall not be construed in favor of one party or against the other.

11. **Partial Invalidity.**  Should any portion, word, clause, phrase, sentence or paragraph of this Agreement be declared void or unenforceable, such portion shall be considered independent and severable from the remainder, the validity of which shall remain unaffected.

12. **Compliance with Terms.**  The failure to insist upon compliance with any term, covenant or condition contained in the Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

13. **Governing Law and Jurisdiction.**  This Agreement shall be interpreted under the laws of the State of Georgia, both as to interpretation and performance.

14. **Section Headings.**  The section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

15. **Counterparts.**  This Agreement may be executed in counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument.  The parties agree that signed facsimiles and .pdf copies have the same force and effect as originals.

16. **No Admission.** It is understood and agreed by the parties that this Agreement represents a compromise and settlement for various matters and that the promises, payments, and consideration set forth in this Agreement shall not be construed to be an admission of any liability or obligation by either party to the other party or any other person.

17. **Effective Date.** This Agreement shall be effective and enforceable upon execution by Plaintiff.

18. **Time is of the Essence.** Time is of the essence as to every provision of this Agreement.

19. **Entire Agreement.** This Agreement and the attachments hereto embody the entire agreement of all the parties hereto who have executed it and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the parties to this Agreement related to the subject matter herein. The parties to this Agreement each acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement; that they have not executed this Agreement in reliance on any representation, inducement, promise, agreement, warranty, fact or circumstances, not expressly set forth in this Agreement; and that no representation, inducement, promise, agreement or warranty not contained in this Agreement, including, but not limited to, any other purported settlements, modifications, waivers or terminations of this Agreement, shall be valid or binding, unless executed in writing by all of the parties to this Agreement.

20. **Knowledge and Understanding.** The parties each acknowledge and agree that each has had sufficient time to review this Agreement, that each has conferred with counsel regarding this Agreement, and that each has received all information required from the other in order to knowingly execute this Agreement. The parties acknowledge that each party has participated in the drafting of this Agreement and that each has had equal opportunity to participate in the drafting of this Agreement.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and respective seals, this the day and year below written.

**Plaintiff**

_____  Date: 11-28-16
DUSTIN MORRISON

**Defendants**

VETERANS MEDICAL TRANSPORT, LLC.

By: Mahamud Farah

Title: Manager/Officer

Date: 12-1-16

GEORGIA MEDICAL RESPONSE, LLC.

By: ABDILATIF M. KASSIM

Title: Manager

Date: 11/29/16

_____  Date: 12-1-2016
MAHAMUD FARAH

_____  Date: 11/29/16
ABDILATIF KASSIM

6